IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

Nos. CV 12-0743 RB/WPL
CR 04-2502 RB

JOSE ANTONIO PRADO-DIAZ,

Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's post-conviction motion to dismiss indictment (CV Doc. 1; CR Doc. 87). The Clerk opened a civil file to accommodate possible construction of the motion as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. For reasons set out below, the motion will be denied.

Defendant entered a plea agreement (CR Doc. 48) to an information charging possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(i)(B), and 18 U.S.C. § 2. On January 19, 2006, the Court entered judgment against Defendant, sentencing him to a prison term of 108 months (CR Doc. 57). An amended judgment was entered in 2008 (CR Doc. 58) correcting a clerical error. In 2010, Defendant filed a notice of appeal (CR Doc. 59) from his conviction, and on September 2, 2010, the Court of Appeals for the Tenth Circuit dismissed the appeal as untimely (CR Doc. 61). Defendant now asserts a claim of defective, insufficient indictment under the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

The Court may not grant the relief that Defendant seeks because he did not file his motion in a timely manner. "Upon review of the record, we agree with the district court that [Defendant]'s motion to dismiss the indictment is untimely. Under Fed. R. Crim. P. 12(b)(3) a motion to dismiss an indictment on the grounds that it fails to invoke the court's jurisdiction or state an offense may be filed 'any time while the case is pending.' Here, . . . [Defendant]'s case was no longer pending when he filed the motion to dismiss the indictment." *United States v. Lima-Pacheco*, 81 F. App'x 299, 300 (10th Cir. 2003); *and cf. United States v. Sinks*, 473 F.3d 1315, 1321 (10th Cir. 2007) (restating rule that claim of defective indictment may be first raised during direct appeal). Defendant filed this motion long after entry of final judgment and dismissal of his appeal. The motion, therefore, was not filed timely.

Furthermore, and alternatively, "[A] motion to dismiss an indictment, pursuant to Fed. R. Crim. P. 12(b)[(3)], must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion." *United States v. Preciado-Quinonez*, 53 F. App'x 6, 7 (10th Cir. 2002). Here, the Court declines to construe Defendant's motion as a motion under § 2255. The issue that Defendant raises was available before his sentencing, and he has previously filed a § 2255 motion (CR Doc. 63; No. CV 10-0931 RB/LFG Doc. 1). Also, the one-year limitation period applicable to his conviction has long expired. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (holding that a district court does not abuse its discretion in declining to recast a pleading as a § 2255 motion when relief would be "facially 'barred as untimely . . . or as second or successive under 28 U.S.C. § 2255' "). The Court will deny Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's post-conviction motion to dismiss

indictment (CV Doc. 1; CR Doc. 87) filed on July 9, 2012, is DENIED as untimely filed; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE